UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES CALVEN OSBORNE, <br><br> Plaintiff, <br><br> v. <br><br> RON ADLER and DOROTHY SAWYER, <br><br> Defendants. | CASE NO. 3:18-cv-05083-RBL-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: MAY 25, 2018 |

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

The Clerk mailed a notice to Plaintiff James Calven Osborne indicating that his motion for leave to proceed *in forma pauperis* ("motion for IFP") was deficient. Dkt. 4. That mail was returned as undeliverable. Dkts. 5, 6. It has now been more than sixty days since the mail was returned and plaintiff has not provided an updated address or any additional filings. Therefore, the Court recommends this action be dismissed without prejudice for failure to prosecute.

## DISCUSSION

Plaintiff initially filed this complaint pursuant to 42 U.S.C. § 1983 in January of 2018. Dkt. 1. However, plaintiff's motion for IFP was deficient, and the Clerk sent him a letter informing him of that, and a separate letter informing him of his case number and judge assignment. Dkts. 3, 4. Both letters were returned as unclaimed on February 16, 2018. Dkts. 5, 6. Plaintiff has not filed an address update, or any other filing for that matter, since his mail was returned.

Pursuant to Local Civil Rule 41(b)(2), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. LCR 41(b). If mail sent to a *pro se* plaintiff by the Clerk is returned, and if the plaintiff fails to notify the Court and opposing parties of his or her current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. *Id.* Here, more than 60 days have passed since the Clerk's letters were returned as undeliverable. *See* Dkts. 5, 6. Accordingly, the Court recommends that this action be dismissed without prejudice for failure to prosecute. *See* LCR 41(b).

## CONCLUSION

For the reasons set forth above, the Court recommends that plaintiff's action be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 25, 2018** as noted in the caption.

Dated this 30th day of April, 2018.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3